IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MICKEY S. SPEARS, | § | |
|---|---|---|
| Petitioner, | § | |
| VS. | § | NO. 3-11-CV-0965-P |
| BOB ALFROD, Johnson County, Texas | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Mickey S. Spears, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be dismissed as duplicative.

I.

Petitioner is incarcerated in the Johnson County jail awaiting trial for possession of a controlled substance. On May 3, 2011, petitioner filed two federal writs of habeas corpus in the Fort Worth Division of the Northern District of Texas. Both cases were transferred to the Dallas Division and assigned separate cause numbers, No. 3-10-CV-0964-N-BH and No. 3-10-CV-0965-P-BD. The claims asserted by petitioner in both cases are identical: (1) his attorney has not filed any pretrial motions, consulted with him, or answered his phone calls; and (2) he has not been indicted or made a court appearance after seven months in custody.

II.

A district court may dismiss a complaint filed by a prisoner seeking redress from a governmental entity or employee if it concludes that the action is frivolous or malicious. 28 U.S.C.

§ 1915A(b). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *Neitzke*, 109 S.Ct. at 1831. A claim may be deemed to lack an arguable basis in fact only if it is based upon factual allegations that are clearly fanciful or delusional in nature. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A complaint that duplicates claims asserted in an earlier action may be deemed malicious and subject to summary dismissal. *See Brock v. Cockrell*, No. 3-03-CV-0340-M, 2003 WL 21418792 at *1 (N.D. Tex. Mar. 26, 2003) (citing cases) (dismissing section 2254 habeas petition as duplicative where another writ raising the same claims was pending before another judge).

This is the second federal writ filed by petitioner challenging his pretrial detention. Both writs seek habeas relief on the same grounds. The first-filed action is currently pending before another magistrate judge in this district. Consequently, the instant case should be summarily dismissed as duplicative under 28 U.S.C. § 1915A(b). *Id.*; *see also Pitman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 110 S.Ct. 417 (1989).

### RECOMMENDATION

Petitioner's application for writ of habeas corpus should be summarily dismissed as duplicative.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 10, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE